668

## 20110. HOWARD v. THE STATE.

DECIDED DECEMBER 11, 1929.

*W. V. Custer & Son,* for plaintiff in error.
*F. E. Strickland, solicitor,* contra.

BLOODWORTH, J. ■ Plaintiff in error was indicted for having, controlling, and possessing intoxicating liquor. When the case against her was called for trial she made a motion for a continuance upon the ground of the absence of a certain witness. She testified that this witness had been subpœnaed; that he was not absent by her procurement or consent; that she expected to have him at the next term of the court; and she stated what she expected to prove by him. She said that the absent witness had told her, and she expected him to swear, that at the time the liquor was found he was where "he had an open and unobstructed view of the [defendant's] back-yard; that no one got any whisky underneath the defendant's house except himself," but that the whisky which he found was under the room of Pearl Jackson in the boarding house of the defendant, on the side of the house and immediately next to Georgia Nelson's house. It appears from the record that the defendant and Pearl Jackson were sisters. The evidence of the chief of police, which the absent witness was supposed to contradict, was that the chief saw the accused run out of the "rear of the house and stick something down under the side of the house," and when he went to the place where the defendant had placed something, he found two "cocoa bottles" filled with whisky. Under these circumstances we can not see how the evidence of the absent witness could have benefited the accused. The accused testified that the absent witness would have sworn that he found whisky under the house of the defendant. This is what the chief of police swore. The exact location where the whisky was found can make no difference so long as it was "underneath the defendant's house." The judge did not abuse his discretion when he overruled the motion for a continuance.

■ The exception to the charge of the court, as being unauthorized by evidence, is without merit.

■ For no reason alleged did the court err in admitting the evidence of Mattie Blocker of which complaint is made in the motion. Even without this testimony there is enough to support the verdict of guilty.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*